LONDON FISCHER LLP
Attorneys for Defendant
NILT, INC.,
59 Maiden Lane
New York, New York 10038
(212) 972-1000

MATTHEW K. FINKELSTEIN (MKF- 6029)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

YVETTE FAULKNER

Plaintiff,

-against-

JEAN PIERRE JUDES, a/k/a JUDE JEAN-PIERRE and
NILT, INC., a/k/a NISSAN INFINITI LT.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x



Civil Case No:

**TO:   THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

Pursuant to 28 U.S.C. §§ 1441 and 1446 et seq., defendant NILT, INC., a/k/a

NISSAN INFINITI LT., ("NILT") respectfully removes to this Court the within action, which was

commenced in the Supreme Court of the State of New York, County of Bronx, under Index Number

15704/07.  As grounds for removal, NILT, by its attorneys, London Fischer LLP, respectfully

states:

1.     Plaintiff commenced this action by purchasing an index number in the

Supreme Court of the State of New York, County of Bronx.  On October 9, 2007, NILT was served

with a Supplemental Summons and Complaint.  Copies of the Supplemental Summons and Verified

Complaint are annexed hereto as Exhibit "A."  The Verified Complaint asserts causes of action by

YVETTE FAULKNER sounding in negligence, and plaintiff seeks damages "in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction herein". See Exhibit "A". NILT further states that the case as alleged in plaintiff's Summons and Verified Complaint is not removable because the pleading fails to state the amount in controversy. See Exhibit "A."

2.    On or about November 1, 2007 NILT interposed an Answer to the Complaint. A copy of the Answer is annexed hereto as Exhibit "B".

3.    On or about December 3, 2007, Defendant JEAN PIERRE JUDES, ("JUDES") served an Amended Verified Answer to the Amended Verified Complaint. A copy of the Amended Answer is Annexed hereto as Exhibit "C".[1]

4.    This is a civil action in which the United States District Court has original jurisdiction by reason of the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332. The Verified Amended Complaint indicates that plaintiff is a citizen of the State of New York, and resides in Bronx County. See Exhibit "A".

5.    At the time of the service of the Summons and Verified Complaint, defendant NILT was, and still is, a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 333 Commerce Street, Nashville, TN 37201.

6.    According to the Summons, defendant JEAN PIERRE JUDES is a citizen of the State of Connecticut. See Exhibit "A".

7.    Defendant further states that it first received notice of this lawsuit from Corporation Service Company after the Summons and Complaint was served upon NILT.

---

[1] This is the only pleading from JUDES which has been served upon Nilt.

8.    Concurrently with the service of its Answer, NILT served a Demand Pursuant to CPLR 3017(c) for plaintiff to serve a Supplemental Demand setting forth the total damages to which the plaintiff allegedly is entitled to recover.  A copy of the Demand is annexed as Exhibit "D".

9.    On February 4, 2008, defendant NILT received plaintiff's Response to Supplemental Demand for Relief. A copy of the response is annexed hereto as Exhibit "E".

10.    As stated in plaintiff's Response, the amount in controversy in this action is "Five Million Dollars ($5,000,000)," an amount greater than  $75,000, which is required for diversity jurisdiction.

11.    This Notice of Removal is filed within 30 days of receipt of Notice from plaintiff that diversity jurisdiction exists in this action.  Accordingly, this action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441.

12.    On January 17, 2008, a Preliminary Conference was held.  A copy of the Preliminary Conference Order is annexed hereto as Exhibit "F".

13.    The documents annexed hereto constitute "all process, pleadings and orders" known to have been served upon Defendant and by Defendant in the aforesaid action, within the meaning of 28 U.S.C. § 1446(a).

14.    A written notice of the filing of this Notice of Removal will be served upon all adverse parties as required by 28 U.S.C. §1446(d).

15.    A copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Bronx, as provided by 28 U.S.C. §1446(d).

16.    Pursuant to Rule 11 of the Federal Rules of Civil Procedure, the undersigned counsel certifies that she has read the foregoing Notice of Removal, that, to the best

of her knowledge, information and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

WHEREFORE, NILT prays that this action be removed to the United States District Court, Southern District of New York.

Dated: New York, New York
February 20, 2008

LONDON FISCHER LLP

By: _____
Matthew K. Finkelstein (6029)
Attorneys for Defendant
NILT, INC., sued incorrectly
herein as NILT, INC. a/k/a
NISSAN INFINITI LT.
59 Maiden Lane
New York, New York 10038
(212) 972-1000

To:    Steven C. Falkoff, Esq.
Rosenberg, Minc, Falkoff & Wolff, LLP
Attorneys for Plaintiff
YVETTE FAULKNER
122 East 42nd Street, Suite 3800
New York, New York 10168-0068

Andrea L. Cru. Esq.
LAW OFFICE OF MARY A. BJORK
Attorney for Defendants
JEAN PIERRE JUDES, a/k/a
JUDE-PIERRE
Executive Boulevard, 3rd Floor
Younkers, New York 10701
(914) 966-5058

N:\Wdox\Docs\Clients\1190\567178\N0001972.DOC

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

YVETTE FAULKNER

                              Plaintiff,

            -against-

JEAN PIERRE JUDES, a/k/a JUDE JEAN-PIERRE,
and NILT, INC., a/k/a NISSAN INFINITI LT,

                              Defendants.

Index No: 15704/07

Filed On: 5/29/07

Re-filed on: 9/26/07

**SUPPLEMENTAL
SUMMONS**

Plaintiff designate
Bronx County as the
place of trial.

The basis of venue is the
residence of plaintiff and
the place of the within
occurrence.

Plaintiff resides at
215 Alexander Ave.
Bronx, New York 10454

To the above named Defendant(s)

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to serve a
notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this
summons, exclusive of the day of service (or within 30 days after the service is complete if this
summons is not personally delivered to you with the State of New York); and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the complaint.

Dated:  New York, New York,
        September 25, 2007.

                                        KERNER & KERNER

                                By: _____
                                        Richard A. Kerner
                                        Attorneys for Plaintiff
                                        Office & P.O. Address
                                        74 Trinity Place
                                        New York, NY 10006
                                        (212) 964-1098

                                        385-9072

Defendant's address:

117 Maple Avenue
Stamford, Connecticut 06902

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------------------x

YVETTE FAULKNER,

                    *Plaintiff,*

         -against-

JEAN-PIERRE JUDES, a/k/a JUDE JEAN-PIERRE and
NILT, INC., a/k/a NISSAN INFINITI LT,

                    *Defendants.*

-----------------------------------------------------------x

      **AMENDED**
      **VERIFIED COMPLAINT**

Plaintiff, YVETTE FAULKNER, by her attorneys, KERNER & KERNER, complaining of the defendants, JEAN PIERRE JUDES, a/k/a JUDE JEAN-PIERRE and NILT, INC., a/k/a NISSAN INFINITI LT, upon information and belief, respectfully set forth and allege:

1.    That at all times hereinafter mentioned, plaintiff YVETTE FAULKER was and still is a resident of the Borough and County of Bronx, City and State of New York.

2.    That at all times hereinafter mentioned plaintiff YVETTE FAULKNER was an operator of a certain motor vehicle.

3.    That at all times hereinafter mentioned defendant NILT, INC, (hereinafter "NILT"), also known as NISSAN INFINITI LT was and still is a corporation organized and existing under and by virtue of the laws of the State of Delaware and authorized as a foreign business corporation to do business by and in the State of New York.

4.    That at all times hereinafter mentioned NILT was the owner of a certain motor vehicle bearing 2007 Connecticut license plate number 221UPM.

5.    That at all times hereinafter mentioned, defendant JEAN-PIERRE JUDES, a/k/a JUDE JEAN-PIERRE (hereinafter "JEAN-PIERRE"), was the operator of the said motor vehicle, owned by co-defendant NILT.

DKI

DKI

A

*This, on the grounds that the pleadings are sufficient identifying informat to permit this defendant to plead otherwise.*

6. That at all times hereinafter mentioned the said motor vehicle owned by defendant NILT was operated by co-defendant JEAN-PIERRE with the permission and consent of the said owner thereof.

7. That at all times hereinafter mentioned, the Bruckner Expressway, in the vicinity of Lafayette Avenue, in the Borough and County of Bronx, City and State of New York, were and still are public highways for use by members of the public for purposes of traveling and transportation.

8. That on or about the 1st day of May, 2007, at approximately 2:10 P.M., while plaintiff YVETTE FAULKNER and defendant JEAN-PIERRE, was so operating his motor vehicle, as aforesaid, on the Bruckner Expressway, in the vicinity of Lafayette Avenue, in the Borough and County of Bronx, City and State of New York, the said defendant did come into contact with, strike and/or collide with each other, as a result of which plaintiff YVETTE FAULKNER was precipitated in the aforesaid vehicle in which she was an occupant, causing said plaintiff to sustain severe and serious injuries as more fully hereinafter set forth.

9. That the said occurrence and resulting injuries to plaintiff YVETTE FAULKNER were caused in no way by the negligence of said plaintiff, but wholly and solely by reason of the negligence of the defendants, in that the said motor vehicle of defendants was operated and controlled in a careless, reckless and dangerous manner; in that defendant JEAN-PIERRE did operate his aforesaid motor vehicle at a high, excessive and unlawful rate of speed; under the circumstances, and did fail and neglect to exercise reasonable care in the premises or to properly control said motor vehicle; in that said defendant did fail and neglect to take notice of the motor vehicle of said plaintiff, or to give any signal or warning of his approach, or to stop, slow down or otherwise control said motor vehicle so as to prevent damages and injuries to others in other motor vehicles, of which class said plaintiff were members; in that said defendant did fail and neglect to observe the proper flow of traffic at the place of the occurrence; in that said defendant failed to keep a proper lookout; in that said defendant did violate the applicable laws, statutes, ordinances, rules and regulations relating to safe driving in the City and State of

2

New York; in that said defendant did operate the aforesaid motor vehicle with defective brakes, braking devices, steering mechanisms and/or other safety appliances, equipped or required to be equipped on said motor vehicles; in that said defendant did not have the said motor vehicle under proper control at the time and place of the within occurrence; in that defendants' motor vehicle struck the plaintiff's motor vehicle in the rear; in that defendants were negligent under the doctrine of res ipsa loquitur; and that said defendants were otherwise careless and negligent under all of the circumstances.

10.    That the accident and injuries occasioned to plaintiff YVETTE FAULKNER resulting therefrom, were caused solely by the negligence on the part of defendants, without any negligence on the part of plaintiff contributing thereto.

11.    That solely as a result of the aforesaid negligence of defendants, plaintiff YVETTE FAULKNER was personally injured and suffered serious injuries as defined in Section 5102(d) of the Insurance Law of the State of New York ("Comprehensive Automobile Insurance Reparations Act") and the applicable New York laws pertaining thereto.

12.    That as a result of the foregoing, plaintiff YVETTE FAULKNER suffered, and will continue to suffer, basic economic loss, as well as other economic losses and special damages.

13.    That as a result of the foregoing, plaintiff YVETTE FAULKNER was injured both internally and externally, and that she became sick, sore, lame, and disabled and so remains, and upon information and belief, that her injuries are and will be permanent and progressive in their nature and competently caused aftereffects; and that plaintiff did and still continues to have pain and to suffer from the injuries sustained by her, and was hospitalized and did and will continue to receive hospital and medical treatment and attention, all in an endeavor to cure herself of the injuries sustained herein, and that money was and will necessarily continue to be spent and obligations incurred for hospitalization, medical and nursing aid and attention, all in an endeavor to cure or alleviate her suffering.

*[Handwritten margin notes: "D" appears beside several paragraphs; "D, and respectfully refers all questions of law to the court."]*

3

10/2OCT. 24. 2007  9:19AM ᴹᴬˣ  ᴜᴏKIO MARINE MGMT                                    NO. 4163.  P.  11/15 011

14.    That this action falls within one or more of the exceptions set forth in CPLR 1602.

15.    That as a result of the foregoing, plaintiff YVETTE FAULKNER sustained damages in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction herein.

WHEREFORE, plaintiff YVETTE FAULKNER demands judgment against defendants JEAN PIERRE JUDES, a/k/a JUDE JEAN-PIERRE, and NILT, INC., a/k/a NISSAN INFINITI LT, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction herein, all together with the costs and disbursements of this action.

KERNER & KERNER

By: _____
Richard A. Kerner
Attorneys for Plaintiff
Office & P.O. Address
74 Trinity Place, Suite 1402
New York, New York 10006
(212) 964-1098

4

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK

COUNTY OF NEW YORK                    ss.:

Richard A. Kerner, an attorney, duly admitted to practice law before the Courts of

the State of New York, under penalties of perjury, affirms:

1.    I am associated with the attorneys for the plaintiff in the above

referenced matter and as such am fully familiar with all of the facts and circumstances

hereinafter set forth.

2.    I have read the annexed Amended Complaint in the within matter

and know the contents thereof to be true to my knowledge, except those matters therein

which are stated to be alleged on information and belief, and as to those matters I believe

them to be true. My belief, as to those matters therein not stated upon knowledge, is

based upon books, records, documents, papers, etc. contained within my file herein.

3.    The reason I make this affirmation instead of plaintiff is because

plaintiff resides outside of the county where your affirmant maintains his office.

Dated:  New York, New York,
        September 25, 2007.

Richard A. Kerner

OCT. 24. 2007  9:20AM    TOKIO MARINE MGMT                                NO. 4163   P. 13/15

*Index No.* 15704/07           *Year 20* 07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

YVETTE FAULKNER,

                                    Plaintiff,

        —against—

JEAN PIERRE JUDES, a/k/a JUDE JEAN-PIERRE,
and NILT, INC., a/k/a NISSAN INFINITI LT,

                                    Defendants.

SUPPLEMENTAL SUMMONS AND AMENDED VERIFIED COMPLAINT

**KERNER & KERNER**
Plaintiff

74 TRINITY PLACE
NEW YORK, NEW YORK 10006-2101
(212) 964-1090

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* September 25th, 2007      *Signature*

                           *Print Signer's Name*      Richard A. Kerner

*Service of a copy of the within*
*Dated:*                                                    *is hereby admitted.*

                           *Attorney(s) for*

PLEASE TAKE NOTICE

☐     *that the within is a (certified) true copy of a*
NOTICE OF  *entered in the office of the clerk of the within named Court on*                    20
ENTRY

☐     *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF  *Hon.*                                      *one of the judges of the within named Court,*
SETTLEMENT  *at*
             *on*                            *at*              M.

*Dated:*

                           *Attorneys for*

                                             **KERNER & KERNER**
                                             Plaintiff

                                             74 TRINITY PLACE

Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------x
YVETTE FAULKNER,

                      Plaintiff,

        -against-

JEAN PIERRE JUDES, a/k/a JUDE JEAN-
PIERRE and NILT, INC., a/k/a NISSAN
INFINITI LT.,

                  Defendants.
------------------------------------------------------------------x

Index No.: 15704/07

VERIFIED ANSWER
TO THE AMENDED
VERIFIED COMPLAINT

C O U N S E L:

      Defendant, NILT, INC., sued incorrectly herein as "NILT, INC. a/k/a NISSAN

INFINITI LT." ("NILT"), by its attorneys, LONDON FISCHER LLP, as and for its Answer to

the Amended Verified Complaint, alleges upon information and belief, as follows:

      1.     Denies having knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraphs "1", "2", and "7" of the Amended Verified

Complaint.

      2.     Admits each and every allegation contained in paragraph "3" of the

Amended Verified Complaint.

      3.     Denies having knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraphs "4", "5", and "6" of the Amended Verified

Complaint, on the grounds that the pleadings lack sufficient identifying information to permit

this defendant to plead otherwise.

4.     Denies each and every allegation contained in Paragraphs "8", "9", "10", "12", "13", and "15" of the Amended Verified Complaint.

5.     Denies each and every allegation contained in Paragraphs "11" and "14" of the Amended Verified Complaint, and respectfully refers all questions of law to the Court.

AS AND FOR A FIRST SEPARATE
AND DISTINCT AFFIRMATIVE DEFENSE

6.     The accident complained of was caused in whole or in part by the culpable conduct attributable to the plaintiff, including comparative fault and/or assumption of risk.

7.     Plaintiff should be barred from recovery by reason of the fact that the subject accident was entirely the result of the culpable conduct and/or assumption of risk on the part of the plaintiff, or, in the event that plaintiff is entitled to recover, the amount of damages otherwise should be diminished in the proportion to which the culpable conduct and/or assumption of risk attributable to plaintiff bears to the culpable conduct which caused the damages.

AS AND FOR A SECOND SEPARATE
AND DISTINCT AFFIRMATIVE DEFENSE

8.     Upon information and belief, any damages sustained by plaintiff, as alleged in the Amended Verified Complaint, were caused by parties other than NILT.

AS AND FOR A THIRD SEPARATE
AND DISTINCT AFFIRMATIVE DEFENSE

9.     Any amount that may be awarded to plaintiff as against NILT must be reduced by the amount received from or indemnified by any collateral source pursuant to CPLR §4545(c).

## AS AND FOR A FOURTH SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

10.    In the event that any person or entity liable or claimed to be liable for the injury alleged in this action has been given or may hereafter be given a release or covenant not to sue, NILT will be entitled to protection under General Obligation Law §15-108 and the corresponding reduction of any damages which may be determined to be due against NILT.

## AS AND FOR A FIFTH SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

11.    Upon information and belief, plaintiff either failed to use, failed to use properly, or misused the available seat belts or other applicable safety devices, as a result of which plaintiff's injuries were either sustained and/or aggravated.

## AS AND FOR A SIXTH SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

12.    As against NILT, this action is barred by federal preemption pursuant to 49 U.S.C. § 30106.

## AS AND FOR A SEVENTH SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

13.    Plaintiff did not sustain a serious injury as defined by §5102(d) of the Insurance Law of the State of New York.

## AS AND FOR A EIGHTH SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

14. That the liability of the answering defendant, if any, is limited to the percentage of culpability found against them by virtue of the fault of the other parties (both named and unnamed) and in accordance with the laws of the State of New York.

WHEREFORE, defendant hereby demands judgment dismissing the Amended Verified Complaint herein, together with the costs and disbursements of this action, including attorneys' fees, and for such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
November 1, 2007

LONDON FISCHER LLP

By: _____
Matthew K. Finkelstein
Attorneys for Defendant
NILT, INC., sued incorrectly
herein as NILT, INC. a/k/a
NISSAN INFINITI LT.
59 Maiden Lane
New York, New York 10038
(212) 972-1000

To:    Richard A. Kerner, Esq.
Attorney for Plaintiff
YVETTE FAULKNER
74 Trinity Place
New York, New York 10006
(212) 964-1098

JEAN PIERRE JUDES
Defendant Pro Se
117 Maple Avenue
Stamford, Connecticut 06902

K:\119\178\Pleadings\Verified Answer.doc

## ATTORNEY'S VERIFICATION

MATTHEW K. FINKELSTEIN, being an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms the following to be true, under the penalties of perjury:

1. Affirmant is an associate of the law firm LONDON FISCHER LLP, attorneys of record for Defendant, NILT in the within action, and is fully familiar with the facts and circumstances set forth herein.

2. Affirmant has read the foregoing Verified Answer, knows the contents thereof, and the same is true to affirmant's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes them to be true.

3. Affirmant further states that the reason this verification is made by the undersigned and not by the NILT is because NILT's principal place of business is not in the County where affirmant maintains his office.

4. The grounds of affirmant's belief as to all matters not stated to be upon affirmant's knowledge are as follows: information furnished by NILT and counsel's file.

Dated: New York, New York
        November 1, 2007


                                        _MATTHEW K. FINKELSTEIN_
                                        MATTHEW K. FINKELSTEIN

Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

————————————————————X

YVETTE FAULKNER,

        Plaintiff,

    -against-

JEAN PIERRE JUDES, a/k/a JUDE JEAN-
PIERRE, and NILT, INC., a/k/a NISSAN
INFINITI LT,

        Defendants.

————————————————————X

**AMENDED VERIFIED ANSWER TO
AMENDED VERIFIED COMPLAINT
Index No. 15704/07**

    The defendants, JEAN PIERRE JUDES, a/k/a JUDE JEAN-PIERRE by the LAW OFFICE OF MARY A. BJORK, his attorney, as and for defendant's Answer to the Amended Verified Complaint herein, alleges as follows:

    FIRST:  Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs designated as 1, 2, 3, 4, 5, 6, 7, 8, 11, 12, 13, 14 and 15 of the Amended Verified Complaint herein.

    SECOND:  Denies each and every allegation contained in paragraphs designated as 9 and 10 of the Amended Verified Complaint herein.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE
THIS ANSWERING DEFENDANT ALLEGES:

    That the Court lacks jurisdiction of the person of the defendant, JEAN PIERRE JUDES, a/k/a JUDE JEAN-PIERRE.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE
### THIS ANSWERING DEFENDANT ALLEGES:

Any damages sustained by the Plaintiff were caused by the culpable conduct of the Plaintiff, including contributory negligence or assumption of risk, and not by the culpable conduct or negligence of these answering Defendants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE
### THIS ANSWERING DEFENDANT ALLEGES:

Upon information and belief, Plaintiff failed to use or misused seat belts, and thereby contributed to the alleged injuries.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
### THIS ANSWERING DEFENDANT ALLEGES:

That, upon information and belief, plaintiffs' economic loss, if any, as specified in Section 4545 of the CPLR was replaced or indemnified in whole or in part from collateral sources and defendants are entitled to have the Court consider same in determining such special damages, as provided in Section 4545 of the CPLR.

WHEREFORE, this answering defendant demands judgment dismissing the Amended Verified Complaint herein with costs.

DATED:  Yonkers, NY
          December 3, 2007

                              Yours, etc.,

                              LAW OFFICE OF MARY A. BJORK
                              Attorney for Defendants
                              JEAN PIERRE JUDES, a/k/a JUDE JEAN-
                              PIERRE
                              3 Executive Boulevard, 3rd Floor
                              Yonkers, NY 10701
                              Telephone:     914-966-5058
                              Our File No. 3965860532.1-

## ATTORNEY VERIFICATION

Andrea L. Cru, Esq., an attorney admitted to practice in the courts of this State, being associated with the attorneys for the defendant in the within-entitled action, affirms under the penalty of perjury and pursuant to CPLR §2106, that she has read the foregoing Answer and knows the contents thereof and the same is true to the knowledge of your affirmant, except as to the matters herein stated to be alleged upon information and belief, and that as to those matters, she believes them to be true.

Affirmant further states that the reason why these papers are not being verified by the defendant is that said defendant, upon information and belief, does not reside within the county wherein affirmant has her office.  That the grounds of affirmant's belief as to all matters not therein stated to be alleged upon her knowledge are investigations and information received by affirmant in the course of her duties as an attorney for the said defendant.

DATED:  Yonkers, New York
          December 3, 2007

 

                                        Andrea L. Cru, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------x

YVETTE FAULKNER,                                    Index No.: 15704/07

            Plaintiff,

     -against-                                     DEMAND PURSUANT
                                      TO CPLR § 3017 (c)

JEAN PIERRE JUDES, a/k/a JUDE JEAN-
PIERRE and NILT, INC., a/k/a NISSAN
INFINITI LT.,

            Defendants.
-------------------------------------------------------------------x

C O U N S E L :

        Defendant NILT, INC., sued incorrectly herein as "NILT, INC. a/k/a NISSAN

INFINITI LT." ("NILT") through its undersigned counsel, hereby demands that within fifteen

(15) days of this request, plaintiff provide a supplemental demand setting forth the total damages

to which the plaintiff deems himself entitled to recover for personal injuries.

Dated: New York, New York
       November 1, 2007

                                 LONDON FISCHER LLP

                      By:    *Matthew K. Finkelstein*
                             Matthew K. Finkelstein
                             Attorneys for Defendant
                             NILT, INC., sued incorrectly herein as
                             NILT, INC. a/k/a NISSAN INFINITI LT.
                             59 Maiden Lane
                             New York, New York 10038
                             (212) 972-1000

To:   Richard A. Kerner, Esq.
      Attorney for Plaintiff
      YVETTE FAULKNER
      74 Trinity Place
      New York, New York 10006
      (212) 964-1098

JEAN PIERRE JUDES
Defendant Pro Se
117 Maple Avenue
Stamford, Connecticut 06902


K:\119\178\Pleadings\3017 demand.doc

Exhibit E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
YVETTE FAULKNER,

                    Plaintiff,

            -against-

JEAN PIERRE JUDES, a/k/a JUDE
JEAN-PIERRE, and NILT, INC., a/k/a
NISSAN INFINITY LT,

                    Defendants.
-------------------------------------------------------------------X

**RESPONSE TO
SUPPLEMENTAL DEMAND
FOR RELIEF**

Index No.: 15704/2007

**COUNSELORS:**

    **PLEASE TAKE NOTICE**, that pursuant to CPLR § 3017 (c) and in response to the
defendants supplemental demand for relief setting forth the total damages to which the pleader
deems himself entitled sets forth as follows:

    As a result of the complained of accident, plaintiff has been damaged in the sum of FIVE
MILLION DOLLARS ($5,000,000.00).

DATED: NEW YORK, NEW YORK
       January 30, 2008

                    Yours, etc.,

                  ROSENBERG MINC FALKOFF & WOLFF LLP

                  By: _____
                      Steven C. Falkoff
                Attorneys for Plaintiff
                122 East 42nd Street - Suite 3800
                New York, NY 10168
                212-697-9280
                Our File No. 28695

TO:

**LONDON FISHER LLP**
59 Maiden Lane
New York, NY 10038
(212) 972-1000
*Attorneys for Defendant(s)*
*NILT, INC. a/k/a NISSAN INFINITY LT.*

**LAW OFFICE OF MARY AUDI BJORK**
3 Executive Boulevard
3rd Floor
Yonkers, NY 10701
(914) 966-5000
*Attorneys for Defendant(s)*
*JEAN PIERRE JUDES*

Exhibit F

119.178

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Calendar # _____
325 (d) _____

-------------------------------------------x
_Yuette_ _____
                                    Plaintiff(s),

- against -

_____ _____ _____ _____ N.H. Inc.

                                    Defendant(s),
-------------------------------------------x

**PRELIMINARY CONFERENCE ORDER**
Pursuant to Part 202 of the Uniform Civil
Rules for the Supreme Court

HON. _Allison Tuitt_

**Preliminary Conference Part**
**Index Number** _15704/2007_
**Conference Date** _JAN 17, 2008_

APPEARANCES :  **Plaintiff:** _Yuette Faulkner_
Firm: _____
By Attorney: _____ Phone: _____
Carrier: _____ Phone: _____ Coverage Amount: _____

**Defendant 1:** _JEAN PIERRE_
Firm: _____
By Attorney: _____ Phone: _718 706-__
Carrier: _____ Phone: _____ Coverage Amount: _____

**Defendant 2:** _Judd + Nil INC d/b/a_ _____
Firm: _London Fischer LLP_
By Attorney: _____ Phone: _____
Carrier: _____ Phone: _____ Coverage Amount: _____

**Defendant 3:** _____
Firm: _____
By Attorney: _____ Phone: _____
Carrier: _____ Phone: _____ Coverage Amount: _____

**I    INSURANCE**
      **COVERAGE:**        ☐    To be furnished within **30** days.

**II   BILL OF**
      **PARTICULARS:**     ☐1.  Not submitted: Bill of Particulars to be served by _____
                           ☒2.  Served:    ☐2(a). Satisfactory    ☐2(b). Unsatisfactory
                           ☐3.  Supplemental bill of particulars to be served _____
                           ☒4.  Bill of particulars for affirmative defenses to be served
                                _within 30 days_
                           ☐    _Plaintiff to provide Undersigned_
                                _Demand for a Bill Particulars - 30 days_

**III  MEDICAL REPORTS**   ☐1.  Furnished (Except: _____
      **AND HOSPITAL**     ☒2.  Medical reports or authorizations for records to be served
      **AUTHORIZATIONS:**  ☒3.  Hospital authorizations to be served _within 30 days_
                                _including authorizations for all_
                                _____ ____ ____ ____ ____ ____

**IV   PHYSICAL**          ☐1(a). Held              ☐1(b)  Waived
      **EXAMINATION:**     ☒1(c). Examination of _Plaintiff_
                                To be held _within_ **60** _days_ _of plaintiff's_
                                Defendant to designate physician(s) within 21 days of plaintiff's EBT
                           ☐2(a). Physician's report furnished
                           ☒2(b). Copy of physician's report to be furnished to plaintiff
                                within ___ days _____

**PRELIMINARY CONFERENCE ORDER**                    Page 2 of 2

| V | **EXAMINATION** | ☐1. | ☐ Plaintiff    ☐ Defendants    ☒ All parties |
|---|---|---|---|
| | **BEFORE TRIAL:** | ☒2. | To be held at _____ |
| | | | Date: _APRIL 30_____ Time: _____ |
| | | ☐3. | Held (Except:_____) ☐Waived |

VI  **OTHER DISCLOSURE:**    ☐1.    None

☒2.   All parties to exchange names and addresses of all witnesses, opposing parties' statements, and photographs. If none, an affirmation to that effect shall be exchanged.

☒3.   Authorizations for plaintiff's employment records (~~IRS~~) including W-2 for period _____

☒4.   _____

☒5.   To be completed within _____

VII  **IMPLEADER ACTIONS:**    ☐1(a).  None        ☒1(b).  To be commenced ____ days after all EBT's.

VIII  **DESIGNATED FOR**    ☐1(a).  CPLR 325 (c)
**TRANSFER:**    ☐1(b).  CPLR 325 (d)

IX  **ADDITIONAL**    ☐    See attached page for additional directives
**DIRECTIVES:**

X  **ALL PARTIES:**    Are directed to complete discovery on or before _____
and appear for a compliance conference on _____

Any statutory stays of disclosure due the pendency of motions pursuant to CPLR 3211, 3212 and 3213 are vacated.

Counsel will be required to justify, at the Compliance Conference, failure to adhere to the discovery schedule set forth herein.

In the event of non-compliance, costs or other sanctions may be imposed.

**This constitutes the decision and order of this court.**

Dated: _____        Enter: _____

J.S.C.

**Parties must adhere to all dates contained herein relating to the completion of items in this order. Counsel may not enter into any adjournments without further order of this court.**

SC. NO. 8A Rev. 12/04/04